IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEPHEN S. KUNST | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 10-1608 (JBS/AMD) |
| v. | : | |
| ERIC TAYLOR, et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**SIMANDLE**, Chief Judge:

Presently before the court is an unopposed motion to dismiss the complaint [Docket Item 17] brought by Defendants Aramark, Inc. ("Aramark"), Aramark Correctional Services LLC ("ACS"), and ACS's Dietician Carey. Plaintiff Kunst alleges that Defendants violated his Eighth Amendment rights by serving meals in an unsanitary manner and by failing to provide adequate calories at meals, while Plaintiff was a prisoner in the Camden County Correctional Facility ("CCCF").[1] [Docket Item 1 at 16-17.] The

---

[1] This case, for a time, was consolidated with several other nearly identical actions brought by pretrial detainees [Docket Item 7], but the cases ultimately were unconsolidated when the Court was unable to obtain pro bono counsel to represent all plaintiffs jointly. [Docket Item 16.] The Court recently granted eight nearly identical motions to dismiss brought by Aramark, ACS and Dietician Carey. Cook v. Taylor, No. 10-2643, 2012 WL 4959519 (D.N.J. Oct. 16, 2012). However, because pretrial detainees are protected by the Fourteenth Amendment, rather than the Eighth Amendment, the Court elected to consider this case separately.
For more factual background common to these cases, see Simmons v. Taylor, No. 10-1192, 2012 WL 3863792, at *1-*2 (D.N.J. Sept. 5, 2012).

Court finds as follows:

1. The Plaintiff, proceeding pro se, was a prisoner in CCCF from October 6, 2009 through at least March 25, 2010. [Compl. ¶ 5.] The moving Defendants provided and supervised food services at the facility. [Compl. ¶¶ 12-14 at 3-4.] Plaintiff alleges the moving Defendants violated his Eighth Amendment rights under the U.S. Constitution, and Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. [Compl. at 16-18.] His complaint includes other claims against other defendants, not relevant for present purposes.

2. Specifically, Plaintiff alleges that food trays often had dirt, hair, dried food or "other foreign objects" on them and that the trays were cracked, allowing substances to collect along the cracks and emit odors ("Unsanitary Meal Service"). [Compl. ¶¶ 36(a)-(c) at 9-10.] Plaintiff also alleges that meals differed from the posted menus and that the substitutions provided too few calories and that Dietician Carey signed off on the substitutions ("Failure to Provide Proper Caloric Intake"). [Compl. ¶¶ 36(a)-(g) at 10-11.] As an example of calorie deprivation, Plaintiff describes a meal that differed from the listed menu. The menu described one meal as including two slices of bread, 1/2 cup of peas, 10 oz. of "Meat, Mac & Tomatoes," 1 cup of baked beans, 1/2 cup of carrotslaw, two sandwich cookies, margarine, salt and pepper, and a fruit drink; the detainees actually received two

slices of bread, four spoonfuls of peas, eight spoonfuls of macaroni and cheese with meat sauce, and four spoonfuls of pudding. [Compl. ¶ 36(g)(iii)-(iv) at 11.]

3. Plaintiff asserts generally that he suffered "serious emotional and physical injuries" as well as "measurable monetary damages" but does not allege facts supporting those conclusions. [Compl. ¶ 39 at 13.] Plaintiff does not allege facts that he suffered damage or injury from the actions of the moving Defendants.

4. Soon after Plaintiff filed his complaint, the Court, sua sponte, dismissed all Eighth Amendment claims brought by the 11 similarly situated plaintiffs, including Plaintiff Kunst. [Docket Item 7.] All 11 plaintiffs had filed nearly identical complaints, with nearly identical paragraph numbering and pagination, most asserting claims under both the Eighth and Fourteenth Amendments. Plaintiff Kunst was the only plaintiff who had been sentenced;[2] all other plaintiffs were pretrial detainees and thus the Eighth Amendment was inapplicable to them. It was an oversight by the Court to include Plaintiff Kunst's Eighth Amendment claims among the others being dismissed from the pretrial detainees' complaints. Plaintiff did not challenge this ruling. Neither was the oversight detected by Defendants, who later filed a motion to

---

[2] Plaintiff's complaint states that "Plaintiff is sentenced to a 364," meaning a sentence of just less than one year. [Compl. ¶ 36(a) at 13.]

3

dismiss; such a motion would have been unnecessary had Defendants realized all of Plaintiff's claims against them had been dismissed with prejudice.

5. Pursuant to Fed. R. Civ. P. 60(a), this Court may, <u>sua sponte</u>, correct "a mistake arising from oversight or omission whenever one is found in a[n] . . . order . . . ." Therefore, the Court will disregard the Order dismissing the claims and reconsider Plaintiff's Eighth Amendment claims on the merits. However, as explained below, the motion to dismiss the claims against the moving Defendants will be granted.

6. In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). To survive a motion to dismiss, a complaint must allege, in more than legal boilerplate, facts about the conduct of each defendant giving rise to liability. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a) and 11(b)(3). The factual allegations must present a plausible basis for relief, meaning something more than the mere possibility of legal misconduct. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 681 (2009).

7. The Eighth Amendment protects prisoners from cruel and

unusual punishment, and applies to the States through the Due Process Clause of the Fourteenth Amendment, Wilson v. Seiter, 501 U.S. 294, 297 (1991), however not all inadequacies of prison conditions amount to constitutional violations. Guinn v. Rispoli, 323 Fed. Appx. 105, 108 (3d Cir. 2009). To establish a violation of the Eighth Amendment, a prisoner must allege that "(1) the deprivation [is], objectively, sufficiently serious, and (2) the [defendant] posses[es] a sufficiently culpable state of mind in acting deliberately indifferent to the inmate's safety." Id. See also Farmer v. Brennan, 511 U.S. 825, 834 (1994) (reciting the "objective" inquiry of whether the deprivation is "sufficiently serious" and the subjective requirement of the defendant's "deliberate indifference" to the inmate's health or safety); Wilson, 501 U.S. at 297 ("only the unnecessary and wanton infliction of pain implicates the Eighth Amendment") (internal quotation marks omitted) (emphasis in original).

8. Plaintiff's Complaint here fails both prongs of the inquiry. Certainly insufficient nutrition could be grounds for a constitutional violation, see, e.g., Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) ("the Eighth Amendment prohibition against cruel and unusual punishment does require that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'") (quoting

5

Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980), however Plaintiff does not state a claim here of a sufficiently serious deprivation of nutrition. Plaintiff provides two examples of meals that diverged from the published menu, but does not assert facts to show that the substituted meals provided insufficient nutrition, nor how frequently meals served diverged from the menu in the first place. Neither does Plaintiff plead facts of any injury or ill consequences from the meal substitutions or the cleanliness of the food trays. On their face, the substitutions and food trays may have confounded Plaintiff's expectations, but they do not, in the constitutional sense, represent excessive cruelty or an intolerable affront to fundamental fairness or human dignity. See, e.g., 24 C.J.S. Criminal Law § 2197 (2012).

9. Additionally, Plaintiff asserts no facts to suggest Defendants' were deliberately indifferent to Plaintiff's health or safety. The Complaint merely states that the substitutions were "approve[d]" by ACS's dietician [Compl. ¶ 36(f) at 10], but provides no description of Defendants' behavior that suggests "wanton" infliction of punishment. The Complaint contains no assertion, or supporting facts, of Defendants' "knowing disregard" of a substantial risk of serious harm to the Plaintiff on either Eighth Amendment claim. Farmer, 511 U.S. at 281.

10. Therefore, Plaintiff fails to state a claim upon which relief may be granted. The Court will grant the motion to dismiss

the Eighth Amendment claims against Defendants Aramark, ACS and
Dietician Carey.

    11. The accompanying Order will be entered.


**November 5, 2012**                  **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                     Chief U.S. District Judge